745 F.Supp. 578 (1990)
INTERNATIONAL FIDELITY INSURANCE COMPANY, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. 89-0310C(6).
United States District Court, E.D. Missouri, E.D.
September 26, 1990.
Thomas M. Dee, Husch, Eppenberger, Donohue, Cornfeld & Jenkins, St. Louis, Mo., G. Steven Ruprecht, Husch, Eppenberger, Donohue, Cornfeld & Jenkins, Kansas City, Mo., for plaintiff.
Wesley Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., Kimberly Forseth, Trial Atty., Office of Special Litigation, Tax Div., U.S. *579 Dept. of Justice, Washington, D.C., for defendant.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on cross motions for summary judgment. The parties have filed a joint stipulation of uncontroverted facts and have agreed to the disposition of the legal issues pursuant to these motions. Therefore, this Court adopts the joint stipulation of uncontroverted facts as its own and incorporates it herein by reference.
Both parties set forth several arguments in support of their respective positions. This Court will address, however, what it considers to be the strongest arguments in each side's favor. First, plaintiff claims that upon Prudential's default, plaintiff obtained a vested interest in future contract payments to the exclusion of Prudential and the IRS. Plaintiff claims that Prudential's default occurred as early as August 1, at which time it failed to pay some of its bills or perform in a workmanlike manner. Alternatively, plaintiff relies on the relation-back doctrine, which provides that its equitable lien on the contract funds relates back to the date of the surety bond.
In response, defendant claims that plaintiff's right as surety did not attach until the time of default and therefore did not attach to funds seized prior to that time. Defendant claims that default could not have occurred before October 18, 1988, when persons hired by Prudential to finish the job, left the job site. In addition, defendant claims that the earliest unpaid invoices are dated for the latter part of September 1988. Therefore, according to defendant, the funds paid to the IRS in August and September 1988 were free and clear of the plaintiff's equitable right as surety.
Summary judgment is appropriate absent a dispute of material fact and when the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; Buller v. Buechler, 706 F.2d 844, 846 (1983). As was noted earlier, the parties have stipulated to most of the facts, with the only remaining dispute of fact being the date of the default. However, for reasons set forth subsequently, this Court finds that determination of a specific date of default is unnecessary to a decision of the legal issues in this case.
In support of their respective arguments, the parties rely on two main cases, Kansas City, Missouri v. Tri-City Construction Company, 666 F.Supp. 170 (W.D.Mo.1987), and Dependable Insurance Company, Inc., v. United States, 42 AFTR 78-5253 (D.Md. Sept. 12, 1978). In Dependable, plaintiff executed a performance and payment bond in December 1975, in accordance with a contract between an equipment company and the state of Maryland. The company defaulted on the contract in April 1977, at which time the plaintiff, as surety, made payments to the materialmen and subcontractors pursuant to the terms of the bond. In the meantime, in June 1976, the United States levied on funds held by the state of Maryland because of the equipment company's failure to pay federal taxes. A second levy occurred in October 1976.
The court recognized the plaintiff's right, as surety, to funds owed to the principal, and that such a right relates back to the date of the issuance of the bond. Although the court found that the surety's right defeats the rights of intervening liens asserted after the date of the bond, the court made a distinction in this case between a lien and a levy. The court held that the tax levy in this situation constituted a seizure of the funds by the IRS, and since such occurred prior to the default by the principal, plaintiff did not possess priority to those funds.
The Dependable case is contrasted and rejected by the court in Tri-City, where the court found the analysis in Dependable "untenable". 666 F.Supp. at 173. In Tri-City, USF & G provided a performance and payment bond for a contract between Tri-City Construction Company and the city of Kansas City. After Tri-City abandoned work on the contract, a partial payment became at issue between USF & G and the *580 United States, the latter which had asserted a levy on the city for Tri-City's unpaid taxes.
Although Tri-City's default occurred prior to the dates of the tax lien and levy, the court noted that even if the lien and levy had attached while Tri-City still possessed rights to the partial payment, that USF & G's rights as surety were superior. The court then relied on the relation-back doctrine, which provides the surety with an equitable lien relating back to the time of the execution of the suretyship contract.
In determining the rights of the parties to the funds at issue, state law governs. Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960). Under Missouri law, a surety's equitable right of subrogation and lien attaches at the time that the contractor is in default, and the surety becomes obligated to pay under its payment bond. Tri-City, supra, 666 F.Supp. at 172. Therefore, the next logical step seems to be to determine the date that Prudential defaulted on its contract with the state of Missouri. However, as noted earlier, this Court finds that based on the analysis in Tri-City, such a determination is unnecessary in this case.
Because the surety's right to the funds at issue relates back to the date of the suretyship agreement (in this case, on November 19, 1987), the plaintiff's right to the funds levied upon by the IRS is superior to that of the defendant. Therefore, regardless of whether the default occurred on August 1 or October 18, the November 1987 suretyship agreement preceded the June 1988 and August 1988 levies by the IRS. Accordingly, based on the relation-back doctrine and the court's application of such in Tri-City, plaintiff's rights to the funds in question are superior.
In rendering this decision, this Court chooses to rely on a 1987 western district of Missouri case over that of a 1978 Maryland case. However, in addition to this jurisdictional preference, this Court also encounters great difficulty with the court's analysis in Dependable. Not only does that court fail to explain in detail its reasons for finding such differing effects between a lien and a levy, but it totally disregards the effect of the relation-back doctrine.
In finding for the plaintiff, the Court agrees with defendant that plaintiff shall not be entitled to recover more than it needs to meet its obligations. First State Bank v. Reorganized School District R-3, 495 S.W.2d 471, 482 (Mo.Ct.App.1973). However, the Court also notes that as of the date of the parties' stipulation, the plaintiff's expenditures already exceeded the amounts collected by the IRS. Should the plaintiff require additional reimbursement from the funds still retained by the Housing Authority, such payments should not be permitted until plaintiff has provided proof of its expenditure.
Accordingly,
IT IS HEREBY ORDERED that plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied.
An appropriate judgment shall accompany this memorandum and order.

JUDGMENT
In accordance with the memorandum and order filed this date and incorporated herein,
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff shall have judgment over defendant in the amount of $47,629.00, with each party bearing its own costs.